**STATE of Tennessee,**

v.

**Donald Ray HAMMONDS.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 2, 2000.

**296**

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Gordon W. Smith, Associate Solicitor General, Nashville, for the appellant, State of Tennessee.

Raymond C. Conkin, Jr., Kingsport, for the appellee, Donald Ray Hammonds.

## OPINION

DROWOTA, J., delivered the opinion of the court, in which ANDERSON, C.J., BIRCH, HOLDER and BARKER, JJ. joined.

The defendant/appellee was convicted of aggravated assault upon an indictment which charged that on February 23, 1996, in Sullivan County, the defendant "did unlawfully, feloniously, intentionally, and knowingly commit an assault [upon the victim] by using and displaying a deadly weapon, in violation of [Tenn. Code Ann. § 39-13-102]." The defendant appealed his conviction, and the Court of Criminal Appeals reversed after sua sponte examining the indictment and finding it insuffi-

cient for failure to allege that the defendant caused bodily injury or imminent fear of bodily injury to the victim. We granted the State's application for permission to appeal to determine whether an aggravated assault indictment is legally insufficient if it does not specifically allege the theory by which the State intended to establish the second element of the offense—commission of an assault. We hold that such an indictment is sufficient so long as the indictment both protects the accused's constitutional rights to notice and satisfies the requirements imposed by statute. For the reasons that follow, we conclude that the indictment in this case satisfies these constitutional and the statutory requirements. Accordingly, the judgment of the Court of Criminal appeals is reversed, and the judgment of the trial court is reinstated.

### Background

On May 15, 1996, the Sullivan County Grand Jury returned an indictment charging the defendant/appellee, Donald Ray Hammonds, with aggravated assault. The indictment alleged as follows:

> The Grand Jurors for Sullivan County Tennessee, being duly empaneled and sworn, upon their oath present and say that **DONALD RAY HAMMONDS** on or about February 23, 1996 in the State and County aforesaid and before the finding of this Indictment did unlawfully, feloniously, intentionally, and knowingly commit an assault on Michelle Hammonds by using and displaying a deadly weapon, in violation of Section 38-13-102 of the Tennessee Code Annotated and Against the peace and dignity of the State of Tennessee.

Following a plea of not guilty, Hammonds was tried by a Sullivan County Criminal Court jury on October 28, 1996. For purposes of the appeal in this Court, the State and the defendant agree that the Court of Criminal Appeals correctly summarized the proof introduced at trial as follows:

[T]he defendant and the victim, Michelle Hammonds, were married but separated at the time of the offense. The victim was living in Sullivan County, and the defendant was living in Johnson County with the victim's then fifteen-year-old-niece, April Dishner. At 11:30 p .m. on February 22, 1996, the victim was waiting to meet someone at the bottom of the hill near her house when a car drove up in which the defendant was a passenger. The defendant forced the victim into the car and slapped her a few times, cutting the inside of her mouth. They drove to Johnson City and picked up the victim's niece.

When the defendant returned to the car, he had a gun. As they were going back to the victim's house in Sullivan County, the defendant removed the gun from his pocket, shot it outside the window about three times, put the gun to the top of the victim's head, and threatened to kill her. The defendant hit the victim in the face and choked the victim by placing his hands around her throat. The victim eventually lost consciousness. When she regained consciousness, the defendant stated that they were almost to the victim's house. The victim's niece hit her a few times, causing her to lose consciousness again. The victim was left at the bottom of the hill at her house. The victim suffered multiple bruises and abrasions which caused swelling and bleeding and her nose was broken in seven places.

Based upon this proof, the jury convicted the defendant of aggravated assault, and the trial court imposed a sentence of nine years in the Department of Correction and a $5000 fine.

The defendant appealed to the Court of Criminal Appeals. While Hammonds did not raise the sufficiency of the indictment as an issue on appeal, the Court of Criminal Appeals examined the issue in accordance with Tenn. Rule App. P. 13(b)[1] and found the indictment insufficient because it failed to allege whether the State intended to establish commission of an assault by showing that the defendant caused bodily injury to the victim or by showing that the defendant caused the victim to reasonably fear imminent bodily injury. Accordingly, the Court of Criminal Appeals reversed the defendant's conviction and dismissed the indictment. The Court of Criminal Appeals found the defendant's other claims of error to be without merit.

Thereafter, the State filed an application for permission to appeal asserting that the Court of Criminal Appeals erred in holding the indictment insufficient. We granted the State permission to appeal and, for the following reasons, now reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court.

### Discussion

Under both the United States and the Tennessee Constitutions, a charging instrument, such as an indictment, must inform the accused of "the nature and cause of the accusation." *See* U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In addition to these constitutional guarantees, the form of an indictment in Tennessee is prescribed by statute. Tennessee Code Annotated § 40–13–202 directs that an indictment

state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will

---

1. Tennessee Rule of Appellate Procedure 13(b) provides:

 Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial court and appellate court have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.

enable the court, on conviction, to pronounce the proper judgment....

As previously stated, the indictment in this case charged in pertinent part as follows:

The Grand Jurors for Sullivan County, Tennessee, being duly empaneled and sworn, upon their oath present and say that **DONALD RAY HAMMONDS** on or about February 23, 1996 in the State and County aforesaid and before the finding of this Indictment did unlawfully, feloniously, intentionally, and knowingly commit an assault on Michelle Hammonds by using and displaying a deadly weapon, in violation of Section 39–13–102 of the Tennessee Code Annotated....

Aggravated assault is defined by Tennessee Code Annotated § 39–13–102(a) as follows:

(a) A person commits aggravated assault who:

(1) Intentionally or knowingly commits an assault as defined in § 39–13–101 and:

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon;

Tenn.Code Ann. § 39–13–102(a). Aggravated assault, therefore, consists of three elements: (1) *mens rea;* (2) commission of an assault as defined in 39–13–101; and (3)(a) serious bodily injury or (b) use or display of a deadly weapon.[2] The second element of this offense, commission of an assault as defined in Tenn.Code Ann. § 39–13–101, may be established by proof that a person:

(1) Intentionally, knowingly, or recklessly causes bodily injury to another;

(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or

(3) Intentionally or knowingly causes physical contact with another and a rea-

sonable person would regard the contact as extremely offensive or provocative.

Tenn.Code Ann. § 39–13–101. The Court of Criminal Appeals found the indictment in this case insufficient because it does not specifically allege which of these three means or theories the State was relying upon to prove the second element of the offense. The State argues that the Court of Criminal Appeals erred in finding the indictment insufficient on these grounds. We agree.

At common law, pleading requirements for indictments were strict because the elements of criminal offenses were not easily ascertainable by reference to a statute. *State v. Hill,* 954 S.W.2d 725, 728 (Tenn. 1997). More than 175 years ago, however, the highest court of this State recognized that

the strictness required in indictments had grown to be a blemish and inconvenience in the law and the administration thereof. That more offenders escaped by the over-easy ear given to exceptions to indictments, than by the manifestation of their innocence; and that the grossest crimes had gone unpunished by reason of these unseemly niceties.... [W]hile tenderness ought always to prevail in criminal cases, yet, that it does not require such a construction of words as would tend to render the law nugatory and ineffectual, nor does it require of us to give into such nice and strained critical objections as are contrary to its true meaning and spirit.... [I]n criminal cases, where the public security is so deeply interested in the prompt execution of justice, it seems the minor consideration should give way to the greater, and technical objections be overlooked, rather than the ends of society be defeated.

*State v. Pearce,* 7 Tenn. (Peck) 66, 67 (1823). This "growing inclination ... to

---

**2.** *See State v. Ducker,* 27 S.W.3d 889 (Tenn. 2000) (describing the elements of the offense of reckless killing of a child as (1) reckless killing; (2) of a child victim less than sixteen years of age; (3) by aggravated child abuse).

escape from the embarrassment of technicalities that are empty and without reason, and [that] tend to defeat law and right," [3] three years ago resulted in a comprehensive unanimous decision of this Court authored by Justice Birch, *State v. Hill,* 954 S.W.2d 725 (Tenn.1997). In *Hill,* this Court reconsidered indictment pleading requirements in light of modern procedural rules and the passage of the Criminal Sentencing Reform Act of 1989.

■ The Court of Criminal Appeals in *Hill* had held the indictment void because it failed to explicitly allege *mens rea,* one of the essential elements of the offense of aggravated rape. *Id.* at 726.[4] In reversing the Court of Criminal Appeals, this Court explained that an indictment is sufficient to satisfy the constitutional guarantees of notice to the accused if the indictment contains allegations that (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense. *Id.* at 727 (citations omitted). This Court also recognized in *Hill* that the statute prescribing the form of an indictment is procedural in nature and

> was originally enacted in 1858, one hundred and thirty-one years prior to enactment of the Sentencing Reform Act of 1989, which expressly abolished common law offenses and statutorily specified the conduct necessary to support a criminal prosecution in Tennessee.

*Id.* at 728.

■ We emphasized in *Hill* that "an indictment need not conform to traditionally strict pleading requirements." *Id.* at 727. Since common law offenses no longer

exist, "we now approach 'attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.'" *Hill,* 954 S.W.2d at 728 (quoting *United States v. Purvis,* 580 F.2d 853, 857 (5th Cir.1978)).

In many decisions since *Hill* discussing the sufficiency of indictments, we have repeatedly emphasized the relaxation of strict common law pleading requirements. For example, in *Crittenden v. State,* 978 S.W.2d 929, 931 (Tenn.1998) (Birch, J., writing for the Court) (internal citations omitted), this Court declared:

> [W]e emphasize the fact that the Court has moved away from the strict pleading requirements adhered to under the common law. As we noted in *Hill,* "the purpose of the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." Were we to hold otherwise, we would be embracing technicalities that are empty and without reason.

Likewise, in *Ruff v. State,* 978 S.W.2d 95, 100 (Tenn.1998) (Birch, J., writing for the Court), this Court declared, "[b]y this ruling, we wish to make clear that the Court has relaxed the strict pleading requirements of common law." Again, just last year, in *State v. Barney,* 986 S.W.2d 545, 546 (Tenn.1999) (Birch, J., writing for the Court), this Court noted, "[i]n conclusion, we wish to emphasize once again the fact that the Court has moved away from the

---

**3.** *State v. Cornellison,* 166 Tenn. 106, 110, 59 S.W.2d 514, 515 (Tenn.1933).

**4.** While the sufficiency of the indictment in *Hill* was challenged on the basis of failure to explicitly allege *mens rea,* the decision in *Hill* was not limited to that particular challenge as the defendant argues but instead discussed in

general the requirements of a legally sufficient indictment. *See Hart v. State,* 21 S.W.3d 901, 903 (Tenn.2000) (Birch, J., writing for the Court) (stating that "[i]n 1997 this Court established the criteria to determine whether an indictment performs its essential constitutional and statutory purposes").

strict pleading requirements of common law."

Relaxation of the strict pleading requirements of the common law is also apparent from recent decisions of this Court holding that an indictment which references the statute defining the offense is sufficient and satisfies the constitutional and statutory requirements of *Hill. See State v. Sledge*, 15 S.W.3d 93, 94 (Tenn.2000) (Holder, J., writing for the Court) (holding an indictment alleging that the defendant "did unlawfully kill [the victim] during the perpetration of Aggravated Robbery, in violation of T.C.A. 39–13–202" sufficient because it contained a specific reference to the statute which was "sufficient to place the accused on notice of the charged offense"); *State v. Carter*, 988 S.W.2d 145, 148 (Tenn.1999) (Holder, J., writing for the Court) (holding that reference to the appropriate statute was sufficient in felony murder indictments alleging that the defendant did "unlawfully kill [the victims] during the perpetration of Aggravated Robbery, in violation of T.C.A. 39–13–202"); *Ruff*, 978 S.W.2d at 100 (Tenn.1998) (Birch, J., writing for the Court) (holding that "an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction").

Another even more recent decision further highlights our relaxation of common law pleading requirements. In *Hart v. State*, 21 S.W.3d 901, 903 (Tenn.2000) (Birch, J., writing for the Court), this Court considered an indictment which charged that the defendant "did unlawfully and feloniously have carnal knowledge of [the victim], his wife's daughter, contrary to the Statute...." Although the indictment was couched in the language of a recently repealed statute, rather than the applicable newly enacted incest statute, this Court found the indictment valid because the term "carnal knowledge" had been defined by case law to mean "penetration of the sexual organ of the female by the sexual organ of the male"[5] and

therefore afforded the defendant sufficient notice of the offense he was alleged to have committed.

■ The foregoing authority illustrates this Court's relaxation of common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments. Indeed, *Hill* and its progeny leave little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements.

■ Recent decisions of this Court also indicate that an indictment need not allege the specific theory or means by which the State intends to prove each element of an offense to achieve the overriding purpose of notice to the accused. For example, in *Wyatt v. State*, 24 S.W.3d 319 (Tenn.2000), the indictment charged

> that **WILLIAM TERRY WYATT** on the 7th day of March, 1994, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, deliberately and with premeditation attempt to kill Billie Carey in violation of T.C.A. 39–12–101....

In evaluating the sufficiency of this indictment, we recognized that criminal attempt is "divided into three different subsections which describe three different types of proscribed acts." *Id.* at 323. Next, we acknowledged that indictments in Tennessee must "state the facts constituting the offense in ordinary and concise language, *without prolixity or repetition* ...," *see* Tenn.Code Ann. § 40–13–202 (emphasis added), and we noted that "prolixity" means " '[t]he unnecessary and superfluous statement of facts in pleading or in evidence.' " *Wyatt*, 24 S.W.3d at 324 (quoting Black's Law Dictionary 1378 (4th ed.1951)). Applying these rules, we found the indictment sufficient to satisfy constitutional and statutory requirements even though it did not specifically allege which

---

5. *See Walker v. State*, 197 Tenn. 452, 273 S.W.2d 707, 711 (1954) (citations omitted).

of the three statutory subsections or theories the State intended to rely upon to establish the theory of criminal attempt. In so holding we stated as follows:

> Wyatt was placed on notice that he was charged with the intentional deliberate and premeditated attempt to kill the named victim on a date certain. The indictment was also sufficient to place the trial court on notice that a judgment and sentence for attempted first-degree murder were proper upon conviction. Finally, by expressly stating that the attempt to kill was made against a specific victim on a date certain, the indictment offers Wyatt double jeopardy protection from any future charge of attempted murder against the victim on that date. Though the language 'did ... attempt to kill' is a general description, especially in light of the testimony at the preliminary hearing that Wyatt committed multiple acts against the victim which the State could have relied upon to obtain a verdict, this language alleges an act as required by the criminal attempt statute and was sufficient to notify Wyatt of the accused crime, to confer jurisdiction upon the trial court, and to protect against double jeopardy. *Hill,* 954 S.W.2d at 727.

*Wyatt,* 24 S.W.3d at 324–25.

■ Another recent case, *State v. Lemacks,* 996 S.W.2d 166 (Tenn.1999) (Bark-er, J., writing for the Court) (Birch, J., dissenting), also supports the view that alternative means or theories of establishing a single element of an offense need not be included in an indictment. The indictment in *Lemacks* charged that "[Lemacks] was driving or was in control of a motor vehicle on a public road in Humphreys County, Tennessee on October 31, 1993, while under the influence of an intoxicant." *Id.* at 172. Though it did not specifically allege criminal responsibility, this Court found the indictment sufficient to support a conviction "based upon [Lemack's] own commission of the offense or by criminal responsibility for Sanchez' commission of the offense." *Id.* at 173. In so holding, this Court pointed out:

> the indictment was valid in describing the DUI offense, including the time, date, and location where the offense allegedly occurred. *The theories available to support a conviction of that offense were not required to be included in the indictment.*

*Id.* at 172 (emphasis added).

■ Clearly, *Wyatt* and *Lemacks* stand for the proposition that an indictment which alleges all the elements of an offense will not be held insufficient if it fails to allege the specific theory by which the State intends to prove each element.[6]

---

6. Many other decisions also support this proposition. For example, the indictment in *Hill,* supporting the conviction for aggravated rape charged only that the defendant "did unlawfully sexually penetrate [the victim] a person less than thirteen (13) years of age in violation of Tennessee Code Annotated 39–13–502 ...." Aggravated rape is defined in pertinent part by Tenn.Code Ann. § 39–13–502 as the "unlawful sexual penetration of the victim by the defendant or the defendant by a victim accompanied by any of the following circumstances." The phrase "sexual penetration" is defined at Tenn.Code Ann. § 39–13–501(7) to mean "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however, slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is

not required." Like the second element of aggravated assault, the first element of aggravated rape, unlawful sexual penetration, is defined by statute in a number of different ways and each definition involves distinctive conduct. Yet this Court in *Hill* upheld the sufficiency of the indictment even though the indictment did not allege the specific type of sexual penetration the State intended to rely upon to establish the offense. Other similar aggravated rape indictments have been upheld without requiring further specificity. *See, e.g., Barney,* 986 S.W.2d at 547 (alleging in seven counts of the indictment that the defendant "did engage in unlawful sexual penetration of [K.B.], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39–13–522 ..." ); *Crittenden,* 978 S.W.2d at 931 (charging only that the defendant "did engage in unlawful sexual

Applying the foregoing principles, we conclude that the indictment in this case satisfies the constitutional and statutory requirements and sufficiently charges the offense of aggravated assault. The indictment alleges the first element of the offense *mens rea*—"intentionally and knowingly." The indictment also alleges the second element of the offense, commission of an assault—"did ... commit an assault." And finally, the indictment alleges the third element of the offense, use or display of a deadly weapon—"using and displaying a deadly weapon." As previously explained, prior decisions of this Court do not require the State to specify in the indictment the precise means or theory by which the State intends to establish each element of the offense. Where, as here, all the elements of an offense are specifically alleged, the indictment sufficiently, "enables the defendant to know the accusation to which answer is required" and thus satisfies the first requirement of *Hill*, 954 S.W.2d at 727. Next, because of its clarity and specificity, the indictment in this case furnishes to the court an adequate basis for entry of a proper judgment, thus satisfying the second requirement of *Hill. Id.* Furthermore,

the indictment in this case protects the defendant against double jeopardy because the offense is alleged to have occurred on a date certain and against a specific victim, thus satisfying the third requirement of *Hill. Id.* Finally, this indictment satisfies the prescribed statutory form. Not only are the allegations couched in the pertinent language of the statute, which ordinarily is sufficient for constitutional and statutory purposes,[7] the indictment contains a specific reference to the statutory provision defining the offense of aggravated assault. Clearly, this indictment satisfies the overriding purpose of *Hill* and its progeny which is to provide the accused sufficient notice of the charged offense.

Our conclusion is supported by *State v. Tate*, 912 S.W.2d 785 (Tenn.Crim.App. 1995) (no *perm. app.* filed), a decision of the intermediate appellate court rendered before this Court's decision in *Hill.* The defendant in *Tate* was charged and convicted of aggravated assault under an indictment that charged

[the defendant] on the __ day of August, 1993, in COFFEE County, Tennessee, and before the finding of this indictment,

penetration of [R.C.], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39–2–603 ..." but not specifying the nature of the sexual penetration); *Dykes*, 978 S.W.2d at 529–30 (charging only that the defendant "did unlawfully and feloniously sexually penetrate another to-wit: [B.H.] while the said [B.H.] was then and there a child less than thirteen (13) years of age in violation of Tennessee Code Annotated Section 39–2–603 ..." but not specifying the nature of the sexual penetration). Likewise, indictments charging aggravated sexual battery have been upheld even though the indictments did not specifically allege the type of conduct which the State relied upon to establish "sexual contact," a phrase defined by statute to include "the intentional touching of the victim's, the defendant's or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." *See*

Tenn.Code Ann. 39–13–501(6). *See, e.g., Ruff*, 978 S.W.2d at 99 (alleging that the defendant "did unlawfully engage in sexual contact with [A.K.], a person less than thirteen (13) years of age, in violation of Tennessee Code Annotated, Section 39–13–504 ..." but not specifying the precise nature of the sexual contact); *Barney*, 986 S.W.2d at 547 (alleging in seven counts of the indictment that the defendant "did engage in unlawful sexual contact with [K.B.], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39–13–504 ..." but not specifying the precise type of sexual contact); *State v. Stinnett*, 958 S.W.2d 329 (Tenn.1997) (alleging that the defendant did engage in "unlawful sexual contact" but not specifying the type of sexual contact).

7. *See State v. Griffis*, 964 S.W.2d 577, 591 (Tenn.Crim.App.1997) (*perm. app.* denied December 22, 1997); *VanArsdall v. State*, 919 S.W.2d 626, 630 (Tenn.Crim.App.1995); *State v. Joyner*, 759 S.W.2d 422, 424 (Tenn.Crim. App.1987) (*perm. app.* denied February 1, 1988).

unlawfully and intentionally, knowingly, or recklessly did assault [the victim] by use of a deadly weapon, to wit: A MOTOR VEHICLE, as used in violation of T.C.A. 39–13–102 ....

*Id.* at 786–87. In rejecting the defendant's challenge to the indictment, the Court of Criminal Appeals in *Tate* explained:

Count II of the indictment sufficiently charges the offense of aggravated assault. The indictment alleges that (a) the offense occurred in August of 1993, in Coffee County, (b) the appellee intentionally and knowingly assaulted Officer Farrar, and (c) the accused used a dangerous weapon during the commission of the assault, namely, a motor vehicle. If the appellee desires more details regarding the facts, he can file a motion for a bill of particulars. *See* Tenn. R.Crim. P. 7(c); *State v. Hicks*, 666 S.W.2d 54 (Tenn.1984).

*Tate*, 912 S.W.2d at 789. The indictment in *Tate* is substantively identical to the indictment at issue in this appeal,[8] and the analysis of the Court of Criminal Appeals in that case is appropriate and applies here.

 Where, as here, an indictment sufficiently alleges the elements of the offense and otherwise complies with constitutional and statutory requirements, a defendant should move for a bill of particulars if additional particular information about the nature of the conduct or the theory upon which the State intends to rely to establish the criminal offense

is needed. Tennessee Rule of Criminal Procedure 7(c) provides that "[u]pon motion of the defendant the court may direct the filing of a bill of particulars so as to adequately identify the offense charged." This rule became effective July 13, 1978, and according to the committee comments, the rule provides for a bill of particulars "where needed by the defendant in order that the defendant can know precisely what he or she is charged with." *See State v. Hicks*, 666 S.W.2d 54 (Tenn.1984) (discussing in detail the function of a bill of particulars). While a bill of particulars certainly will not save an otherwise invalid indictment, it can serve to narrow a general indictment and provide a defendant with enough information about the charge to allow the defendant to prepare a defense and avoid prejudicial surprise at trial. *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn.1991). Because the indictment in this case satisfied all the statutory and constitutional requirements of *Hill*, the defendant should have moved for a bill of particulars if more specific information was needed to prepare his defense.

### *Conclusion*

For the foregoing reasons, the indictment in this case enabled the defendant to know the charge against him, furnished the court with an adequate basis for entry of a proper judgment, protected the defendant from double jeopardy, and met the

---

**8.** As support for his assertion that the indictment is void, the defendant primarily relies upon the decision of the Court of Criminal Appeals in *State v. Clark*, 2 S.W.3d 233 (Tenn. Crim.App.1998) (no *perm. app.* filed). The defendant's reliance upon *Clark* is misplaced. The indictment at issue in *Clark* is easily distinguishable from the indictment at issue in this case. Count one of the indictment in *Clark* charged only that the defendant "did unlawfully and knowingly attempt to commit the criminal offense of Aggravated Robbery, in violation of T.C.A. § 39–12–102 and T.C.A. 39–13–402 ...." Aggravated robbery is "robbery as defined in § 39–13–401:(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or (2) Where the victim suffers serious bodily injury." *See* Tenn.Code Ann. § 39–13–402(a). Under this statute, aggravated robbery has two elements: (1) robbery as defined in § 39–13–401 and (2)(a) use or display of a deadly weapon or use or (b) display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon or (c) serious bodily injury. The indictment in *Clark* did not allege the second element of the offense, deadly weapon or serious bodily injury. Unlike *Clark*, the indictment in this case alleged all of the elements of the offense of aggravated assault.

prescribed statutory form. Therefore, the indictment in this case was sufficient to confer jurisdiction upon the trial court. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated.