# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 12, 2000 Session

## STATE OF TENNESSEE v. SUZANNE C. DOUGLAS

**Appeal from the Circuit Court for Dickson County**
**No. CR 4522      Robert Burch, Judge**

---

### No. M2000-01646-CCA-R3-CD - Filed March 15, 2001

---

The defendant appeals from her conviction for driving under the influence, contesting the sufficiency of the indictment. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Suzanne C. Douglas.

Paul G. Summers, Attorney General and Reporter; Glen C. Watson, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Suzanne M. Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Suzanne C. Douglas, appeals as of right from her conviction by a Dickson County jury for driving under the influence (DUI), first offense, a Class A misdemeanor. She contends that the indictment is insufficient to support her conviction, arguing that the indictment fails to allege a criminal offense.

At trial, Officer Blaine Snyder of the Dickson Police Department testified that on November 27, 1998, he saw a car being driven at night without its headlights lit. He followed the car for three-fourths of a mile, during which time the car weaved several times from the center line to the shoulder and crossed over the center line at least once. He stopped the car, and when he began talking to the defendant, he noticed a strong odor of alcohol. He stated that the defendant performed poorly on several field sobriety tests. At the police station, Officer Snyder administered a breath test to the defendant several times but was unable to get a result because the defendant was spitting into the mouthpiece. The defendant was asked to perform another series of sobriety tests, and, again, she performed poorly. Rhonda Wilkes, a civilian ride-along program participant, testified that she was

riding with Officer Snyder when he arrested the defendant and that, in her opinion, the defendant was intoxicated.

The defendant testified that she drank one-third of a glass of whiskey and water before driving. She did not remember performing any field sobriety tests during her initial stop, and she denied spitting into the mouthpiece of the breath test machine. She stated that she was not intoxicated when she was arrested.

Based upon the foregoing evidence, the jury found the defendant guilty of DUI. The defendant challenges the validity of her conviction only upon the ground that the indictment is insufficient. The indictment alleges that the defendant

> on or about the 27th day of November, 1998, and prior to the finding of this Indictment, in the County of Dickson aforesaid, then and there, did unlawfully, while under the influence of an intoxicant and/or drug, did drive and/or physically control a vehicle upon a public highway and/or area frequented by the public at large in Dickson County, Tennessee, in violation of T.C.A. 55-10-401, a Class A Misdemeanor, all of which is against the peace and dignity of the State of Tennessee.

(Emphasis added). The defendant argues that this indictment fails to allege a criminal offense because the DUI statute creates an offense for driving or being in physical control of "an automobile or other motor driven vehicle" while under the influence of an intoxicant. See Tenn. Code Ann. § 55-10-401(a) (emphasis added). The state contends that the indictment is sufficient to support the defendant's conviction. Under recent reasoning and authority by the Tennessee Supreme Court, we agree with the state.

Under both the United States and Tennessee Constitutions, an indictment must inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; see Tenn. Const. art. I, § 9. Furthermore, its form must satisfy the requirements of Tenn. Code Ann. § 40-13-202, which states that an indictment

> must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

The Tennessee Supreme Court has held that an indictment satisfies the constitutional guarantees of notice to the accused "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court an adequate basis for entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted). Our supreme court has held that "where the constitutional and statutory requirements outlined in Hill are met, an indictment that cites the pertinent statute and uses its language will be sufficient to support a conviction." State v. Carter, 988 S.W.2d 145, 149

(Tenn. 1999). Further, "assuming satisfaction of the constitutional and statutory requirements in Hill, an indictment's reference to the pertinent statute will cure the indictment's omission of an essential element of the offense." State v. Kenneth D. Melton, No. M1999-01248-CCA-R3-CD, Sumner County, slip op. at 5 (Tenn. Crim. App. Aug. 4, 2000) (holding that reference to the disorderly conduct statute cured the indictment's omission of the element that the offense occur in a public place); see also Carter, 988 S.W.2d at 149 (holding that reference to pertinent statute cured indictment's omission of the mental element); State v. Ruff, 978 S.W.2d 95, 100 (Tenn. 1998) (holding that reference to pertinent statute cured indictment's omission of the mental element); State v. Larry Edward Englet, No. W1999-00283-CCA-R3-CD, Madison County, slip op. at 4 (Tenn. Crim. App. May 8, 2000) (holding that reference to the felony marijuana possession statute cured the defect in the indictment of not alleging the amount of marijuana in the defendant's possession).

In State v. Hammonds, 30 S.W.3d 294 (Tenn. 2000), our supreme court recently revisited the issue of sufficiency of indictments. After discussing Hill and its progeny, the court stated,

> The foregoing authority illustrates this Court's relaxation of common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments. Indeed, Hill and its progeny leave little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements.

Id. at 300 (emphasis added).

In the present case, the indictment's omission of "motor driven" is cured if the constitutional and statutory requirements outlined in Hill are satisfied, which occurs if the indictment achieves the overriding purpose of notice to the accused. Hammonds, 30 S.W.3d at 300. The indictment references the appropriate statute and follows the language of the statute, alleging every element of the offense with the exception that the vehicle is not described as motor driven. The indictment includes the date and location of the offense, and we believe that it sufficiently informed the defendant of the charge that she was facing. Moreover, the factual allegations and the reference to the pertinent statute provided the court an adequate basis for entry of a proper judgment. See Carter, 988 S.W.2d at 149; Larry Edward Englet, slip op. at 3-4. Likewise, the factual allegations and the statutory reference protect the defendant from being placed in jeopardy for the same offense a second time. See id. We conclude that the indictment provided notice to the accused, and therefore, is sufficient to support the defendant's conviction.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE