IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 12, 2002 Session

## STATE OF TENNESSEE v. JACK CLAYTON MOBERLY, JR.

Appeal from the Circuit Court for Dickson County
No. CR4979A    Robert E. Burch, Judge

No. M2001-01279-CCA-R3-CD - Filed April 23, 2002

The defendant, Jack Clayton Moberly, Jr., was convicted by a Dickson County Circuit Court jury of aggravated robbery, a Class B felony, conspiracy to commit robbery, a Class D felony, and aggravated assault, a Class C felony.  The trial court sentenced him as a Range I, standard offender to concurrent sentences of ten years for the aggravated robbery conviction, two years for the conspiracy to commit robbery conviction, and four years for the aggravated assault conviction.  The defendant appeals his aggravated robbery conviction, claiming that the indictment fails to allege that offense.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ. joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Jack Clayton Moberly, Jr.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Suzanne M. Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the armed robbery of the Interstate 40 Shell Station in Dickson County. Margaret Lanzoni was working as a clerk at the gas station when a red car pulled up to the gasoline pump.  A boy, who looked to be about fourteen years old, entered and walked around the store. About five minutes later, the defendant entered the store and asked for a carton of Marlboro cigarettes.  Ms. Lanzoni went to the other end of the counter to get the cigarettes, and when she returned to where the defendant was standing, he was holding a gun.  The defendant told her to give him all of the money.  Ms. Lanzoni opened the cash register and the defendant reached into the register and grabbed the money.  The defendant and the boy ran out of the store.

The jury found the defendant guilty of aggravated robbery, conspiracy to commit robbery, and aggravated assault. The defendant now claims that the indictment does not support a conviction for aggravated robbery because the indictment fails to allege a theft from a person, which is an essential element of aggravated robbery. See Tenn. Code Ann. §§ 39-13-401(a), -402(a). He contends that the indictment alleges a theft from a business, the Interstate 40 Shell Station, which cannot be the victim of a robbery. The state claims that the indictment properly charges the defendant with aggravated robbery. We agree with the state.

The indictment alleges the following:

> That **JACK CLAYTON MOBERLY, JR. and JAMES ALLEN PARKER, JR.** heretofore, to-wit: on or about January 3, 2000, and prior to the finding of this Presentment, in the county of Dickson aforesaid, then and there, did unlawfully, feloniously, intentionally, knowingly and putting a person in fear, Margaret Lanzoni, by use of a deadly weapon, to-wit: a pistol, and further, did take from I-40 Shell, Margaret Lanzoni, Agent, without her effective consent Personal Checks, good and lawful Money of the United States of America, Gasoline and a Carton of Marlboro Cigarettes, a further description to the Grand Jurors aforesaid unknown, in violation of **T.C.A. 39-13-402, a Class B felony,** all of which is against the peace and dignity of the State of Tennessee.

Under both the United States and Tennessee constitutions, an indictment must inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Its form must also satisfy the requirements of Tenn. Code Ann. § 40-13-202, which states that an indictment

> must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

The Tennessee Supreme Court has held that an indictment satisfies the constitutional guarantees of notice to the accused "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted).

In State v. Hammonds, 30 S.W.3d 294 (Tenn. 2000), our supreme court revisited the issue of sufficiency of indictments. After discussing Hill and subsequent decisions, the court stated,

The foregoing authority illustrates this Court's relaxation of common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments. Indeed, Hill and its progeny leave little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements.

Id. at 300.

In the present case, the defendant was convicted of aggravated robbery, which is defined as robbery accomplished with a deadly weapon. Tenn. Code Ann. § 39-13-402(a). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a).

Although the indictment provides that the defendant "did take from I-40 Shell," it immediately thereafter states the victim's name, Margaret Lanzoni, as agent, and that the defendant took property "without her effective consent." (Emphasis added). Contrary to the defendant's claim, we believe that this language and the citation to the aggravated robbery statute sufficiently alleges – and apprises the defendant – that he took the property from the person of Ms. Lanzoni.

We note, as well, that the indictment alleges a taking of property, not a theft of property. However, again, we believe that the allegations in the indictment and its reference to the aggravated robbery statute suffice. See State v. Ricky Lee Netherton, No. E2000-01016-CCA-R3-CD, Cumberland County, slip op. at 4 (Tenn. Crim. App. Dec. 6, 2000).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE