IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

## SEDRICK DARION MITCHELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County
No. 18123     Forest A. Durard Jr., Judge**

_____

### No. M2018-00975-CCA-R3-PC
_____

The Petitioner, Sedrick Darion Mitchell, appeals from the Bedford County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that his trial counsel was ineffective for not challenging the validity of the indictment. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Sedrick Darion Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Robert James Carter, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted by a jury of failure to appear and was sentenced to six years to be served at sixty percent release eligibility. State v. Sedrick Darion Mitchell, No. M2016-00559-CCA-R3-CD, 2016 WL 6541836, at *1 (Tenn. Crim. App. Nov. 4, 2016), perm. app. denied (Tenn. Feb. 16, 2017). This court affirmed the Petitioner's conviction and sentence on direct appeal. Id. On February 16, 2017, our supreme court declined to review this court's decision.

The Petitioner filed a timely pro se petition for post-conviction relief. As pertinent to our review, the pro se petition alleged that trial counsel was ineffective for "not

objecting to or challenging the constitutionality of the indictment or [its] contents."[1] Counsel was appointed to represent the Petitioner in this matter, but no amended petition for post-conviction relief was filed.

The indictment alleged that the Petitioner failed to appear on January 27, 2015, in general sessions court on the following charges: "[sale] of schedule II drug (cocaine base) [two] counts, possession of schedule II drugs (cocaine base) for [sale], possession of schedule VI [drug] (marijuana) for [sale], . . . and possession of drug paraphernalia." Trial counsel recalled that, prior to the jury's being sworn, he and the prosecutor discovered that the second sale of cocaine charge occurred on February 6, 2015. The Petitioner was scheduled to appear at the January 27, 2015 court date for the four other charges.

Trial counsel admitted that he did not challenge the indictment because it erroneously included an offense that occurred after the January 27, 2015 court date. Trial counsel testified that even if he had "made some kind of objection," he would have allowed the State to amend the indictment because of his "commitment to judicial economy." Trial counsel recalled that the prosecutor did not read the specific charges listed in the indictment when he read it to the jury. Trial counsel also recalled that the jury never heard about the second sale of cocaine charge during the Petitioner's trial.

The post-conviction court denied the petition for post-conviction relief in a written order filed on May 14, 2018. The post-conviction court concluded that trial counsel was not deficient for failing to challenge the validity of the indictment. The post-conviction court found that the indictment listed the charges that the Petitioner failed to appear on. The post-conviction court accredited trial counsel's testimony that "the charges in the indictment were not read to the jury when the indictment was read" and that the second sale of cocaine charge "was not ever brought up since it happened later."

On appeal, the Petitioner contends that he received ineffective assistance from trial counsel. The Petitioner argues that trial counsel was ineffective for not challenging the validity of the indictment. The State responds that the post-conviction court did not err in denying the petition.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v.

---

[1] This opinion will focus solely on the issue raised in the Petitioner's brief. All other issues have been waived. See Tenn. R. App. P. 36(a).

-2-

State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The statutory and constitutional requirements for an indictment are satisfied when the indictment achieves "the overriding purpose of notice to the accused." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). The indictment provided sufficient notice to the Petitioner of the failure to appear charge. The inclusion of the charges the Petitioner failed to appear on was surplusage. See State v. March, 293 S.W.3d 576, 588 (Tenn. Crim. App. 2008). Therefore, the erroneous inclusion of the second sale of cocaine charge did not invalidate the indictment. Moreover, trial counsel testified that the jury never heard about the second sale of cocaine charge and that he would have allowed the State to amend the indictment

-3-

to promote "judicial economy." Accordingly, we conclude that the post-conviction court did not err in denying the petition for post-conviction relief.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE