# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 21, 2004 Session

## STATE OF TENNESSEE v. MICHAEL A. DRAKE

**Appeal from the Criminal Court for Wilson County**
**No. 98-0898 & 98-0900    John D. Wootten, Jr., Judge**

————————————

**No. M2003-02520-CCA-R3-CD - Filed November 17, 2004**

————————————

The appellant, Michael A. Drake, was indicted on two counts of vehicular homicide and two counts of aggravated vehicular homicide. A jury found the appellant guilty of two counts of vehicular homicide by intoxication. In the second phase of the trial, the jury found the appellant guilty of two counts of aggravated vehicular homicide based on one prior DUI conviction and a blood alcohol level of .20 or more at the time of the present offense. On appeal, the appellant challenges the sufficiency of the indictment by arguing that it only gave notice that the State sought to convict him of aggravated vehicular homicide based on two prior DUI offenses. We determine that the indictment is misleading and deprives the appellant of adequate notice of the charges against him in violation of the 6th amendment to the United States Constitution and Article 1, section 9 of the Tennessee Constitution. The indictment indicated that the State sought the aggravated vehicular homicide convictions solely on the basis of the appellant's two prior DUI convictions pursuant to Tennessee Code annotated section 39-13-218(1)(a), rather than one prior DUI and a blood alcohol of .20 or more at the time of the offense, pursuant to Tennessee Code Annotated section 39-13-218(3). Thus, we are forced to dismiss the aggravated vehicular homicide conviction, modify the conviction to vehicular homicide under Tennessee Code Annotated section 39-13-213 and remand the case for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Gary Vandever, Lebanon, Tennessee, for the appellant, Michael A. Drake.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jerry Hunt, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

In the early morning hours of August 2, 1997, the appellant was traveling with Danny Lane, and Thomas Wilkerson in the appellant's vehicle in Lebanon, Tennessee. All three men had attended a twenty-first birthday party for Billy Jack Lane, Danny Lane's brother ,earlier that evening and all three men had been drinking beer for several hours. The appellant and his passengers met up with Kate Hays and Billy Jack Lane at an auto parts store near downtown Lebanon at around midnight. Ms. Hays and Billy Lane attempted to persuade the appellant to refrain from driving because he was obviously intoxicated. When the appellant insisted on driving, Billy Lane offered to ride with the appellant. Danny Lane got out of the appellant's vehicle and into Ms. Hays' vehicle. Ms. Hays slowly drove her vehicle in front of the appellant's vehicle slowly, in an attempt to lead him toward his house. When the two vehicles approached a small hill, the appellant's car passed Ms. Hays' car at a high rate of speed. Ms. Hays and Danny Lane lost sight of the appellant's vehicle momentarily until they crested the hill. By that time, the appellant's car had hit a tree and wrecked.

The appellant survived the accident, suffering a bruised lung and lacerations on his left eye and right leg. The appellant's blood alcohol level measured .281. Both of the appellant's passengers were killed in the crash.

The appellant was originally indicted on September 9, 1997 by the Wilson County Grand Jury on two counts of aggravated vehicular homicide. Those indictments were dismissed and the appellant was subsequently re-indicted by the Wilson County Grand Jury on two counts of vehicular homicide and two counts of aggravated vehicular homicide. Count One of the indictment alleged that the appellant:

> [U]nlawfully, and recklessly did kill Thomas Wilkerson by the operation of an automobile, the killing of Thomas Wilkerson being the proximate result of . . . [the appellant's] intoxication as operator of the automobile, in violation of T.C.A. § 39-13-213 . . . .

Count Two of the indictment charging the appellant with aggravated vehicular homicide alleged that the appellant:

> [H]as been previously convicted of Driving Under the Influence of an Intoxicant as follows:

| DATE | COUNTY | COURT | CASE NUMBER |
|------|--------|-------|-------------|
| 01-25-94 | Wilson | General Sessions | 179-749-188 |
| 01-03-96 | Wilson | Criminal | 95-1751 |

and has thus committed the offense of Aggravated Vehicular Homicide by the unlawful and reckless killing of Thomas Wilkerson by the operation of an automobile, said killing being the proximate result of Michael Drake's intoxication, in violation of T.C.A. §§ 39-13-213 and 39-13-218 . . . .

Count Three of the indictment alleged that the appellant:

[U]nlawfully and recklessly did kill Billy J. Lane by the operation of an automobile, the killing of Billy J. Lane being the proximate result of . . . [the appellant's] intoxication as operator of the automobile, in violation of T.C.A. § 39-13-213 . . . .

Finally, Count Four of the indictment charging the appellant with a second count of aggravated vehicular homicide alleged that the appellant:

[H]as been previously convicted of Driving Under the Influence of an Intoxicant as follows:

| DATE | COUNTY | COURT | CASE NUMBER |
|------|--------|-------|-------------|
| 01-25-94 | Wilson | General Sessions | 179-749-188 |
| 01-03-96 | Wilson | Criminal | 95-1751 |

and has thus committed the offense of Aggravated Vehicular Homicide by the unlawful and reckless killing of Billy J. Lane by the operation of an automobile, said killing being the proximate result of . . . [the appellant's] intoxication, in violation of T.C.A. §§ 39-13-213 and 39-13-218 . . . .

At the conclusion of a jury trial, but prior to closing argument, the trial court determined that if the appellant was convicted of vehicular homicide, he was going to charge the jury with aggravated vehicular homicide in accordance with Tennessee Code Annotated section 39-13-218 that:

(a) Aggravated vehicular homicide is vehicular homicide, as defined in § 39-13-213(a)(2), where: (1) The defendant has two (2) or more prior convictions for: (A) Driving under the influence of an intoxicant; (B) Vehicular assault; or (C) Any combination of such offenses;(2) The defendant has one (1) or more prior convictions for the offense of vehicular homicide; or (3) There was at the time of the offense twenty-hundredths of one percent (.20%), or more, by weight of alcohol in the defendant's blood and the defendant has one (1) prior conviction for: (A) Driving under the influence of an intoxicant; or (B) Vehicular assault.

Tenn. Code Ann. § 39-13-218.

The appellant objected to the inclusion of section (3), arguing that the indictment had only charged the appellant with aggravated vehicular homicide under section (1)(a), that he had two prior DUI convictions. The trial court overruled the objection. The appellant moved for a judgment of aquittal. The trial court denied the motion and proceeded to charge the jury on the first two counts of vehicular homicide.

After deliberations, the jury found the appellant guilty of two counts of vehicular homicide by intoxication. The trial then proceeded to the second phase, where the State read the indictments charging the appellant with aggravated vehicular homicide. The indictments, as stated previously, specifically relied solely on the appellant's two prior DUI convictions to substantiate the aggravated vehicular homicide charge. The State put on proof of the appellant's prior DUI offenses and the blood alcohol level at the time of the present offense, trying to satisfy both Tennessee Code Annotated section 39-13-218(a)(1) and (3). The appellant objected to the introduction of any evidence of his blood alcohol level, arguing that if it had been clear that the State was going to proceed under Tennessee Code Annotated section 39-13-218(a)(1) and (3), the defense would have been different. There was testimony during the second phase of the trial by the clerk of the trial court that, according to the order of conviction, one of the appellant's DUI convictions was committed on 12/12/1994 and tried on 1/25/1994. This indicated that the appellant was tried before the instant crime was even committed. Counsel for the appellant argued that the conviction was not valid based on the inconsistency in the order of conviction.

At the conclusion of the proof, the jury found the appellant guilty of the two counts of aggravated vehicular homicide based on one prior DUI offense and a blood alcohol level of .20 or more at the time of the present offense. Implicit in the jury verdict is a determination that one of the appellant's prior DUI convictions was found invalid by the jury.

At a separate sentencing hearing, the appellant was sentenced to a twenty-five year sentence on each count of aggravated vehicular homicide, to be served concurrently, for a total effective sentence of twenty-five years. The appellant filed a timely notice of appeal.

Analysis

The appellant presents this Court with three issues, all related to the sufficiency of the notice given him by the indictment. Specifically, the appellant argues that: (1) the trial court erred in overruling the motion for judgment of aquittal; (2) the court erred in charging the jury with Tennessee Code Annotated section 39-13-218 in its entirety; and (3) that the appellant was convicted of an offense that he was not charged with in the indictment. These errors, argues the appellant, led to a violation of his constitutional rights to due process by denying him adequate notice of with what he was charged. The State argues that the indictment was sufficient enough to allow the appellant to adequately prepare a defense.

The Sixth Amendment to the United States Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause

-4-

of the accusation. . ..” Similarly, Article I, section 9 of the Tennessee Constitution guarantees that “in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof.” Tenn. Const. art. I, § 9. See also State v. Hammonds, 30 S.W.3d 294, 297 (Tenn. 2000). The requirements for the content of an indictment are governed by Tennessee Code Annotated section 40-13-202, which provides, in pertinent part, as follows:

> [T]he indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202.

In Hammonds, the court announced its “relaxation of common law pleading requirements and . . . reluctance to elevate form over substance when evaluating the sufficiency of indictments” and determined that an indictment that achieves its “overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements.” Hammonds, 30 S.W.3d at 300. An indictment is sufficient to satisfy notice requirements if it “contains allegations that (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense.” Id. at 299 (citing Hill, 954 S.W.2d at 727). Indictments need not conform to strict pleading requirements. See Hill, 954 S.W.2d at 727. Strict pleading in indictments was historically required because offenses existed at common law and did not have elements that were easily ascertainable by reference to a statute. Id. at 728.

It is apparent in the many decisions following Hill that there is a true move toward relaxation of the strict pleading requirements. For example, the Tennessee Supreme Court has determined that an indictment which merely references the statute defining the offense is sufficient and satisfies the constitutional and statutory requirements of Hill. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000) (holding an indictment alleging that the defendant “did unlawfully kill [the victim] during the perpetration of Aggravated Robbery, in violation of T.C.A. 39-13-202” sufficient because it contained a specific reference to the statute which was “sufficient to place the accused on notice of the charged offense” even though it did not specifically allege the required culpable mental state); State v. Carter, 988 S.W.2d 145, 148 (Tenn. 1999) (holding that reference to the appropriate statute was sufficient in felony murder indictments alleging that the defendant did “unlawfully kill [the victims] during the perpetration of Aggravated Robbery, in violation of T.C.A. 39-13-202”); Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998) (holding that “an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction”).

Further, an indictment need not allege the specific theory or means by which the State intends to prove each element of an offense to achieve the overriding purpose of notice to the accused. See Hammonds, 30 S.W.3d at 302 (holding that an indictment for aggravated assault was sufficient because it alleged the appropriate mens rea, the assault and the use of a weapon, even though the indictment failed to indicate whether the State intended to prove the underlying assault was committed by bodily injury, reasonable fear of imminent bodily injury, or offensive physical conduct); Wyatt v. State, 24 S.W.3d 319, 324 (Tenn. 2000) (upholding the validity of an indictment involving attempt which cited the relevant statute but made "no reference to the attempt statute's numbered subsections nor [did] it specify a specific act or course of conduct constituting the 'attempt to kill'"); State v. Lemacks, 996 S.W.2d 166, 172 (Tenn. 1999) (holding that the indictment for driving under the influence provided sufficient notice and that "[t]he theories available to support a conviction of that offense were not required to be included in the indictment").

The indictment in the case herein is distinguishable from the indictments in the cases set forth above. It was sufficient to provide notice that the appellant was charged with aggravated vehicular homicide by reason of having two prior DUI convictions. However, because it contained a specific reference to the statute allegedly violated by relying on a very specific theory of aggravation for the vehicular homicide to the exclusion of other means of aggravation, the indictment fails to give adequate notice of the theory of aggravation upon which the State would ultimately rely to prove aggravated vehicular homicide so that the appellant could prepare an adequate defense. The indictment only notified the appellant that the State would attempt to prove aggravated vehicular homicide by utilizing his two prior DUI convictions under Tennessee Code Annotated section 39-13-218(1)[1]. The indictment made no mention of the use of the appellant's blood alcohol level. As is evidenced by the jury verdict, the appellant was successful in preparing a defense to the indictment as written, because the jury, when presented with the option to find the appellant guilty of Tennessee Code Annotated section 39-13-218 by either utilizing the two prior DUI convictions or one prior DUI conviction coupled with a blood alcohol level of .20 or more in the present offense, the jury found the appellant not guilty of aggravated vehicular homicide by utilizing only the two prior DUI offenses. Even though the indictment did include the general facts constituting the offense (including an allegation that the appellant was intoxicated at the time of the offense), including the name of the appellant, the date of the alleged offense, the statute violated, and the two prior DUI convictions, the indictment did not indicate that the appellant had a blood alcohol level of .20 or more at the time of the offense. While we are mindful that the State is not required to allege the specific theory or means by which the State intends to prove each element of an offense, see Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000), the case herein presents a different scenario that is distinguishable from existing case law. The indictment herein affirmatively misled the appellant as to the method by which the State would attempt to prove aggravated vehicular homicide. This case is more analogous to the case of State v. Goodson, 77 S.W.3d 240 (Tenn. Crim. App. 2001). In

---

[1]Of course the State was not required to be so specific in its allegations concerning aggravated vehicular homicide. If the State had merely alleged that the vehicular homicide was aggravated within the meaning of Tennessee Code Annotated section 39-13-218, the appellant would have been on notice he should prepare to defend against either means of aggravation.

Goodson, the defendant was indicted for driving on a revoked drivers license in violation of Tennessee Code Annotated section 55-50-504 which prohibits driving on a suspended, revoked, or cancelled license. The jury convicted the defendant of driving on a suspended license. Goodson, 77 S.W.3d at 244. However, the proof at trial demonstrated that the defendant's license was in reality merely suspended. Finding that "revocation" and "suspension" have legally district meanings, this Court held that after an indictment has been returned its charge may not be broadened except by action of the grand jury, and that an indictment which specifically charged one means of violating a statute could not support a conviction based on proof of another means of violating that statute. Id. at 245. Otherwise the defendant's due process rights to adequate notice of the charges against him would be violated. Id. at 244. The State's affirmative decision in the case herein to indict the appellant in such a specific manner and then proceed at the second phase of trial to offer an additional theory, to wit, one prior DUI conviction and a blood alcohol level of .20 or more at the time of the present offense, prevented the appellant from preparing an adequate defense to the charge. There was no need for the appellant herein to seek a bill of particulars as suggested by the court in Hammonds, as the record demonstrates that the appellant reasonably thought he knew precisely with what he was charged and prepared his defense accordingly. 30 S.W.3d at 303. It was not until the closing arguments that the appellant learned that the State would attempt to prove aggravated vehicular homicide under both Tennessee Code Annotated section 39-13-218(1)(a) and (3).

Accordingly, we determine that the appellant was not provided with adequate notice of the offense charged in the indictment, such that he could prepare an adequate defense. For that reason alone, we must reverse the judgment of the trial court, dismiss the aggravated vehicular homicide conviction, modify the conviction to vehicular homicide under Tennessee Code Annotated section 39-13-213, and remand the case for resentencing.

## Conclusion

For the foregoing reasons, we reverse the judgment of the trial court, dismiss the aggravated vehicular homicide conviction, modify the conviction to vehicular homicide under Tennessee Code Annotated section 39-13-213, and remand the case for resentencing.

_____
JERRY L. SMITH, JUDGE