IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## JESSE TEASLEY v. JACK MORGAN, WARDEN

**Criminal Court for Morgan County**
**No. 9055**

**No. E2005-00102-CCA-R3-HC - Filed October 25, 2005**

The petitioner, Jesse Teasley, appeals from the trial court's order denying his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish a cognizable claim for habeas corpus relief. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, Jr., J., joined.

Joe H. Walker and Walter B. Johnson, II, Harriman, Tennessee, for the appellant, Jesse Teasley.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and J. Scott McCluen, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On May 22, 2001, the petitioner pled guilty in the Knox County Criminal Court to aggravated assault, and the trial court sentenced him to four years to be served on probation. The trial court also ordered that the four-year sentence be served consecutively to a prior two-year probation sentence that the petitioner had received for two theft of property convictions. Subsequently, the trial court revoked the petitioner's probation in both cases and ordered that he serve his effective six-year sentence in confinement. In April 2004, the petitioner filed a petition for writ of habeas corpus, arguing that the conviction for aggravated assault was void because the indictment for that offense failed to allege all of the elements of the crime. After a hearing, the habeas corpus court dismissed the petition.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he

is otherwise entitled to immediate release because of the expiration of his sentence.  See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. v. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969).  The burden is on the petitioner to establish that the judgment is void or that the sentence has expired.  State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).  A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void.  Tenn. Code Ann. § 29-21-109.

The United States and the Tennessee Constitutions require that an indictment inform the accused of "the nature and cause of the accusation."  U.S. Const. amend. VI; Tenn. Const. Art. I, § 9.  An indictment satisfies the constitutional requirement of notice "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy."  State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); Tenn. Code Ann. § 40-13-202.  Moreover, Tennessee Code Annotated section 40-13-202 provides that an indictment "must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment."  "[A]llegations couched in the pertinent language of the [applicable] statute . . . ordinarily [are] sufficient for constitutional and statutory purposes."  State v. Hammonds, 30 S.W.3d 294, 302 (Tenn. 2000); see also State v. Griffis, 964 S.W.2d 577, 591 (Tenn. Crim. App. 1997).

In the instant case, the indictment for aggravated assault provides, in pertinent part, that the petitioner

> did unlawfully and knowingly cause bodily injury to Gwendolyn Ruff
> after said JESSIE DAVID TEASLEY, ALIAS, had been enjoined by
> an order of the Fourth Circuit Court for Knox County, Tennessee,
> from assaulting Gwendolyn Ruff, in violation of T.C.A. § 39-13-102,
> and against the peace and dignity of the State of Tennessee.

The petitioner contends that because the indictment failed to state that he had knowledge of the protective order, the indictment failed to allege that he committed an aggravated assault.  However, the indictment in this case tracked the language of Tennessee Code Annotated section 39-13-102(c) proscribing aggravated assault committed by a person restrained by a protective order.  Moreover, the indictment referenced the statute defining the offense of aggravated assault and, therefore, was sufficient to place the petitioner on notice of the charged offense.  Hammonds, 30 S.W.3d at 300 (noting that "recent decisions of this Court hold [ ] that an indictment which references the statute defining the offense is sufficient and satisfies the constitutional and statutory requirements of Hill").

Upon due consideration of the pleadings, the record, and the applicable law, this court concludes that the petitioner has not presented a cognizable claim for habeas corpus relief.

2

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE