IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 11, 2009

## JASON CLARK v. CHERRY LINDAMOOD, WARDEN, AND STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14436      Robert Jones, Judge**

_____

**No. M2008-01926-CCA-R3-HC - Filed March 18, 2009**

_____

The Petitioner, Jason Clark, appeals the Wayne County Circuit Court's summary dismissal of his petition for habeas corpus relief. The Petitioner was indicted for first degree felony murder and especially aggravated robbery, and he ultimately pleaded guilty as charged. On appeal, the Petitioner argues that the indictment against him was fatally defective and, thus, deprived the trial court of subject matter jurisdiction and violated principles of due process. Specifically, he argues that the indictment did not state the charges against him; i.e., failed to include the words "especially aggravated robbery" and "first degree felony murder." The habeas corpus court dismissed the petition, finding that the Petitioner had failed to state a cognizable claim for relief. We agree and affirm the order summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Jason Clark, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Bottoms, District Attorney General; and Cameron L. Hyder, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

The 1993 October Term of the Davidson County Grand Jury returned a two-count indictment against the Petitioner charging him with the first degree felony murder and the especially aggravated robbery of Leanna Shoulders. The especially aggravated robbery charge, Count 1, provides in part as follows:

[The Petitioner] and Emanuel D. Edwards on the 2nd day of April, 1993, in Davidson County, Tennessee and before the finding of this indictment, intentionally or knowingly did take from the person of Leanna Shoulders certain property; to wit: good and lawful United States of America currency of value, by violence or putting Leanna Shoulders in fear; the robbery accomplished with a deadly weapon and Leanna Shoulders suffered serious bodily injury, in violation of Tennessee Code Annotated § 39-13-403 . . . ."

Count 2, the first degree felony murder charge, reads in part as follows: "[The Petitioner] and Emanuel D. Edwards on the 2nd day of April, 1993, in Davidson County, Tennessee and before the finding of this indictment, recklessly did kill Leanna Shoulders during the perpetration of or attempt to perpetrate a robbery, in violation of Tennessee Code Annotated § 39-13-202 . . . ."

The judgment forms provided by the Petitioner indicates that he pleaded guilty as charged on July 15, 1994. He was sentenced concurrently to life imprisonment for first degree felony murder and fifteen years as a Range I, standard offender for especially aggravated robbery.

On April 14, 2008, the Petitioner filed a pro se petition for habeas corpus relief, arguing that the indictment omitted the specific language of "first degree felony murder" and "especially aggravated robbery" and, thus, failed to provide notice of the offenses alleged to have been committed. The Petitioner alleged that his restraint was unlawful in that the trial court lacked subject matter jurisdiction to accept his plea and violated his due process rights because the underlying indictment did not specify the charges.

The State filed a motion for summary dismissal, seeking dismissal of the petition on the basis that the Petitioner had not stated a cognizable claim for relief. In its memorandum in support of the motion, the State contended that the indictment sufficiently alleged the elements of first degree felony murder and especially aggravated robbery; judgments were thus properly entered against the Petitioner because the indictment identified the Petitioner as the perpetrator of the offense and specified the date of the offenses, the victim of the offenses, and the relevant mental states for the offenses. The habeas corpus court granted the State's motion and entered an order of dismissal filed on June 26, 2008. It is from this determination that the Petitioner now appeals.

**ANALYSIS**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. See Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157,

164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, see Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction[,]" Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required; (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in such a manner as to enable a person of common understanding to know what is intended." Tenn. Code Ann. § 40-13-202. Indictments patterned after the pertinent language of an applicable statute are ordinarily sufficient for constitutional and statutory purposes. See State v. Hammonds, 30 S.W.3d 294, 302 (Tenn. 2000).

To obtain convictions in this case, the State, for first degree felony murder, would have been required to prove beyond a reasonable doubt the "killing of another committed in the perpetration of or attempt to perpetrate any . . . robbery. . . ." Tenn. Code Ann. § 39-13-202(a)(2). As for proof of especially aggravated robbery beyond a reasonable doubt, robbery is defined as the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). Especially aggravated robbery is a robbery accomplished with a deadly weapon and where the victim suffers serious bodily injury. Tenn. Code Ann. § 39-13-403(a).

The indictment for first degree felony murder named the Petitioner as a defendant, tracked the language of the felony murder statute, made specific reference to the statute, stated the underlying felony, provided the date of the offense, and identified the name of the victim. That was enough to satisfy the constitutional and statutory requirements of Hill. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000). Likewise, the indictment for especially aggravated robbery named the Petitioner as a defendant, tracked the language of the robbery statutes, made specific reference to the especially aggravated robbery statute, provided the date of the offense, and identified the name of the victim. It is clear from our review of both counts of the indictment that they meet the constitutional and statutory requirements and are sufficient to vest jurisdiction in the convicting court. See, e.g., Patrick Collier v. Cherry Lindamood, Warden, No. M2007-00777-CCA-R3-HC, 2007 WL 3274418, at *2 (Tenn. Crim. App., Nashville, Nov. 6, 2007). The trial court had subject matter jurisdiction to accept the Petitioner's guilty plea.

Thus, no jurisdictional defect exists to void the Petitioner's convictions. The Petitioner has failed to state a cognizable claim for habeas corpus relief, and the Wayne County Circuit Court did not err in summarily dismissing the petition.

## CONCLUSION

The Petitioner has failed to demonstrate that his sentence has expired or that his convictions are void. Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for a writ of habeas corpus is affirmed.

_____
DAVID H. WELLES, JUDGE