IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 19, 2012

## JEROME WILLIAMS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 14931      Stella Hargrove, Judge**

_____

**No. M2010-02354-CCA-R3-HC - Filed February 10, 2012**

_____

The petitioner, Jerome Williams, appeals the Wayne County Circuit Court's summary dismissal of his petition for writ of habeas corpus. In this appeal, the petitioner claims entitlement to habeas corpus relief on the basis that the trial court was without jurisdiction to enter his 1986 conviction of aggravated rape because the indictment failed to allege an offense. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Jerome Williams, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Davidson County jury convicted the petitioner of aggravated rape and armed robbery in 1986, and the trial court imposed sentences of 30 years and 25 years, respectively. This court affirmed the convictions and accompanying sentences on direct appeal, _see State v. Jerome Williams_, No. 86-86-II (Tenn. Crim. App., Nashville, Feb. 12, 1987) (_Williams I_), and twice affirmed the denial of post-conviction relief, _see Jerome Williams v. State_, No. 01-C-01910CR00152 (Tenn. Crim. App., Nashville, Nov. 14, 1991), _perm. app. denied_ (Tenn. Mar. 16, 1992) (_Williams II_); _Jerome Williams v. State_, No. 01C01-9709-CR-00441 (Tenn. Crim. App., Nashville, Oct. 23, 1998), _perm. app. denied_ (Tenn. Mar. 15, 1999) (_Williams III_). The petitioner then filed a petition for writ of habeas corpus alleging, as he does in the

present case, that the trial court lacked subject matter jurisdiction because of deficiencies in the aggravated rape indictment. This court affirmed the denial of habeas corpus relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. *See Jerome Williams v. State*, No. M2007-00164-CCA-R3-HC (Tenn. Crim. App., Nashville, June 14, 2007) (*Williams IV*).

In his most recent petition for writ of habeas corpus, the petitioner again complains that his aggravated rape conviction is void because the trial court lacked subject matter jurisdiction. Specifically, the petitioner contends that the indictment failed to allege the type of penetration used to complete the rape and, thus, he claims, fails to state an offense. He argues that because the indictment failed to State an offense, the trial court was without jurisdiction to enter his conviction and that the conviction is void. The habeas corpus court summarily dismissed the petition, holding that the petitioner had failed to establish that his judgment was void.

In this appeal, the petitioner challenges the summary dismissal of his petition for writ of habeas corpus, claiming again that his judgment is void.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We need not tarry long over the petitioner's claim. Initially, the claim raised in this appeal is the same claim raised and rejected in the petitioner's previous petition for writ of habeas corpus. *See Williams IV*, slip. op. at 2. Nothing in the petition for writ of habeas corpus now under review warrants a departure from our earlier ruling. The petitioner is correct that the aggravated rape indictment does not specify a method of penetration. That omission, however, has no effect on the validity of the indictment. The indictment charged the offense of aggravated rape using language that tracked the aggravated rape statute and included a reference to the pertinent statutory provision. *See State v. Hammonds*, 30 S.W.3d 294, 302 (Tenn. 2000) (holding that the State is not required "to specify in the indictment the precise means or theory by which the State intends to establish each element of the offense").

Accordingly, the judgment of the habeas corpus court summarily dismissing the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE