IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 24, 2012

## RAY TURNER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007D3535      Cheryl Blackburn, Judge**

---

**No. M2011-01746-CCA-R3-HC - Filed March 30, 2012**

---

In 2008, a Davidson County jury convicted the Petitioner, Ray Turner, of one count of conspiracy to deliver 300 grams or more of cocaine and one count of delivering 300 grams or more of cocaine.  This Court affirmed the Petitioner's convictions on appeal.  *See State v. Kenneth Miller and Ray Junior Turner*, No. M2008-02267-CCA-R3-CD, 2010 WL 1644969 (Tenn. Crim. App., at Nashville, Apr. 22, 2010).  The Petitioner filed a petition for habeas corpus relief, in which he alleged that his indictment was void because the State improperly amended the indictment to include that he committed the offenses in a school zone and that the trial court erred when it sentenced him.  On appeal, he contends the habeas corpus court erred when it dismissed his petition.  After a thorough review of the record and applicable authorities, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Ray Turner, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In 2008, a jury convicted the Petitioner of one count of conspiracy to deliver 300 grams or more of cocaine and one count of delivering 300 grams or more of cocaine.  The Petitioner challenged his convictions on direct appeal, and we affirmed the convictions.  *See*

*State v. Kenneth Miller and Ray Junior Turner*, No. M2008-02267-CCA-R3-CD, 2010 WL 1644969 (Tenn. Crim. App., at Nashville, Apr. 22, 2010), *perm. app. denied* (Tenn. Oct. 18, 2010).

At trial, the State proved that TBI agents intercepted phone calls between the phones of the Petitioner and his codefendants and determined that Defendant Miller intended to deliver a kilogram of cocaine to a buyer at Rivergate Mall. *Miller and Turner*, 2010 WL 1644969, at *1-4. Defendant Miller called the Petitioner that same day and asked him to "drop it off." *Id.* The Petitioner, accompanied by two individuals, arrived at Defendant Miller's apartment, went inside the residence, and closed the blinds. *Id.* Shortly after the Petitioner exited the apartment, the blinds were reopened. *Id.* Police then followed Defendant Miller and observed what they believed to be a drug transaction with a man later identified as Kavares Davis. *Id.* Officers executed search warrants on the Defendants' residences, and, at the Petitioner's residence, they found five notebooks containing drug ledgers, digital scales, a vacuum bag sealer, two loaded handguns, a "kilo press," and a "cutting agent." *Id.* Kavares Davis testified that he was related to both the Petitioner and Defendant Miller and that he purchases drugs from Defendant Miller, whose supplier was the Petitioner. *Id.* Davis also recounted how he observed the Petitioner bring cocaine to Defendant Miller's apartment. *Id.*

Based upon this, and other evidence presented, the jury convicted the Petitioner of conspiracy to deliver 300 grams or more of cocaine and delivery of 300 grams or more of cocaine. *Id.* The trial court sentenced the Petitioner to two concurrent terms of sixty years as a career offender. *Id.*

After this Court affirmed the Petitioner's convictions on direct appeal, the Petitioner filed a petition for habeas corpus relief. The Petitioner alleged in the petition that his convictions were void. In the petition, he acknowledged that he was incarcerated in Lake County but that he was filing the petition in Davidson County, where he had been convicted. He contended that the convictions were void because "the trial court lacked jurisdiction by committing a 'constructive amendment' which is a 'per se' illegal prohibited procedure." This, he asserted, required a reversal and dismissal of his judgments of conviction. The Petitioner further asserted that the indictment alleged that he committed the offense on March 25, 2006, which was after he was arrested on March 24, 2006. He states that the trial court "committed a 'constructive amendment'" when it altered the indictment by renumbering the counts passed by the grand jury.

The trial court dismissed the Petitioner's habeas corpus petition without a hearing. In its order, the trial court found:

On June 23, 2006, a Davidson County Grand Jury returned an eight-count indictment against Petitioner and his six co-defendant . . . in case no. 2006-B-1644. The charges arose from a wiretap investigation, which the Court found to be lawful in its order issued on December 21, 2006.

Thereafter, the State sought a superceding indictment seeking school zone violation. On December 13, 2007, a Davidson County Grand Jury returned the eight-count superceding indictment against Petitioner and three co-defendants . . . under the case no. 2007-D-3535. Again, Petitioner was indicted on only three of the counts, but the charges varied slightly from the indictment returned in case no. 2006-B-1644. The superceding indictment charged Petitioner with conspiracy to deliver over 300 grams of cocaine in a school zone (Count 1), delivery of over 300 grams of cocaine (Count 3), and felon in possession of a firearm (Count 6).

[Two of the Petitioner's co-defendants] entered guilty pleas; however, Petitioner elected to proceed to trial and was tried with co-defendant Kenneth Miller on May 19, 2008. While Petitioner had been indicted on three counts, Kenneth Miller had been indicted on six of the counts in the superceding indictment (Counts 1, 2, 3, 5, 7 and 8). Prior to trial, the State nolled Count 2, and Count 6 was severed. The charges, therefore, were renumbered for trial as follows:

Ct. 1   Conspiracy to deliver over 300 grams of cocaine
         (charged as Count 1 in superceding indictment)
Ct. 2   Delivery of over 300 grams of cocaine
         (charged as Count 3 in the superceding indictment)
Ct. 3   Possession of over 300 grams of cocaine with intent to deliver
         (charged as Count 5 in the superceding indictment)
Ct. 4   Possession of over 26 grams of cocaine with intent in School Zone
         (charged as Count 7 in the superceding indictment)
Ct. 5   Delivery of over 26 grams of cocaine
         (charged as Count 8 in the superceding indictment)

Thus, Kenneth Miller was tried on five counts whereas Petitioner was only tried on Counts 1 and 2 as renumbered for trial purposes. The jury returned its verdict on May 23, 2008, finding Petitioner guilty as charged on both counts. After the jury rendered its verdict the State nolled Count 6. A sentencing

hearing was held on July 16, 2008, where the Court sentenced Petitioner to 60 years as a career offender on each count (Counts 1 and 3 of the superceding ind[ictment]), running the sentences concurrently. After the motion for new trial was denied on September 26, 2008, Petitioner sought a direct appeal with his co-defendant. On April 22, 2010, the Tennessee Court of Criminal Appeals returned its decision affirming the convictions and sentence. . . . Petitioner then timely filed a "pro se" petition for post-conviction relief on June 9, 2011, which is currently pending.

Petitioner filed his "pro se" petition for a writ of habeas corpus on June 30, 2011. In this instant petition, Petitioner alleges that this Court lacked jurisdiction. Specifically, Petitioner alleges that he is confined for conviction upon offenses not indicted by the Grand Jury, and reflected as Count 1 and Count 3. Petitioner avers that when the Court renumbered the counts for trial, Count 2 from the original indictment was deleted and this deleted count was replaced with Count 3, an offense for which Petitioner claims he was not indicted.

. . . .

Petitioner avers when the Court renumbered the counts in the indictment for trial, the Court replaced Count 2 with Count 3, which changed an offense – delivery of over 300 grams of cocaine – [that] Petitioner had not been indicted for by the Grand Jury.

Petitioner appears to be relying on the offenses and numbering in the original indictment from case no. 2006-B-1644; however, Petitioner was tried on the superceding indictment (case no. 2007-D-3535). As clearly indicated on the front of that indictment, Petitioner was charged with counts 1, 3, 6 (in case no. 2006-B-1644, Petitioner had been charged with Counts 1, 2, and 6). Count 3 of the superceding indictment charged Petitioner with delivery of over 300 grams of cocaine, which is the offense Petitioner was convicted of at trial; however, since the original count 2 in the superceding indictment (charging possession of over 300 grams of cocaine with intent – school zone) was nolled prior to trial, Count 3 of the original indictment was renumbered as Count 2 for trial purposes. Thus, at trial Petitioner was charged with Counts 1 and 2 (the same numbering of the counts Petitioner had been charged with in case no. 2006-B-1644). The jury found Petitioner guilty of both Counts 1 and 2, which were the charges set forth in Counts 1 and 3 of the indictment. Petitioner's Judgment Forms also properly reflect that Petitioner was convicted

of Counts 1 and 3 of the original indictment. As such, Petitioner's argument lacks merit.

It is from this order that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the superceding indictment broadened all the offenses of the original indictment, the trial court committed a constructive amendment of the indictment, and he was convicted of an offense (possession of over 300 grams of cocaine) for which he was not originally indicted. The State counters that the Petitioner failed to provide the required documentation and that he has therefore waived our review of the issues.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation which applies to bar the filing of a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

Further, a petition for the writ of habeas corpus must comply with several strict procedural requirements. The petitioner bears the burden of providing the following in a petition for habeas corpus relief:

5

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b) (2006). "[T]he procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165.

In the case under submission, we note that the challenged judgments of conviction are not in the record before us. By not attaching the judgments of conviction, the Petitioner has failed to comply with the mandatory procedural requirements for seeking habeas corpus relief, and a court may dismiss the petition without the appointment of counsel and without a hearing. *Summers*, 212 S.W.3d at 260-61; *see generally* T.C.A. § 29-21-107. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman*, 153 S.W.3d at 19-20. The Petitioner filed on appeal an "Affidavit In Support of Correction of the Appellate Record" to which he attached his judgments of conviction. Further, it appears from the trial court's findings that it reviewed these judgments. Our review of the Petitioner's issues is, however, also precluded because he failed to attach other documents necessary for our review, namely the indictments about which he complains.

The Petitioner contends that his indictments were defective, and a defective indictment is an appropriate issue to be raised in a habeas corpus petition. *Wyatt v. State*, 24 S.W.3d 319, 324-25 (Tenn. 2000). For a petitioner to successfully challenge an indictment in a habeas corpus proceeding, the indictment must be so defective that it fails to vest jurisdiction in the convicting court. *See Id.* at 323. Our Supreme Court has held that an

6

indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language. *See* T.C.A. § 40-13-202 (2006). Indictments patterned after the pertinent language of an applicable statute are ordinarily sufficient for constitutional and statutory purposes. *See State v. Hammonds*, 30 S.W.3d 294, 302 (Tenn. 2000).

An indictment must meet the statutory requirements of Tennessee Code Annotated section 40-13-102, which provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty, which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

T.C.A. § 40-13-202 (2006).

The Petitioner has failed to include in the record the superceding indictments that he alleges were defective. He has included only the original indictments. He has filed a motion with this court asking that the appellate record be supplemented with the superceding indictments, but we conclude that motion is not well-taken at this juncture in the appellate process. We, therefore, deny that motion. Further, in light of the absence of the superceding indictments, we conclude we cannot review the issues presented by the Petitioner.

Accordingly, we conclude Petitioner has not satisfied his burden of showing by a preponderance of the evidence that the convictions are void or that the prison term has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). As such, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
ROBERT W. WEDEMEYER, JUDGE

7