IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

**JAMES L. JOHNSON v. JIM MORROW, WARDEN**

**Appeal from the Circuit Court for Bledsoe County**
**No. 2011-CR-49   Thomas W. Graham, Judge**

_____

**No.  E2011-02281-CCA-R3-HC - Filed October 16, 2012**

_____

The Petitioner, James L. Johnson, pro se, appeals the Bledsoe County Circuit Court's dismissal of his petition for a writ of habeas corpus from his 2006 convictions for rape and attempt to commit aggravated sexual battery and his resulting ten-year sentence.  The Petitioner contends that the trial court erred by denying him habeas corpus relief.  He argues that his convictions and sentences are void because the indictment for rape was defective and his guilty pleas were unknowing and involuntary.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

James L. Johnson, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 17, 2005, the Petitioner pleaded guilty to attempt to commit sexual battery, attempt to commit aggravated sexual battery, and rape.  See James L. Johnson v. Howard Carlton, Warden, No. E2010-01309-CCA-R3-HC (Tenn. Crim. App. Nov. 4, 2010).  As a result of the plea agreement, the trial court sentenced the Petitioner to time-served for attempted sexual battery, six years' confinement for attempted aggravated sexual battery, and a concurrent ten years' confinement for rape.  The sentences were suspended after the Petitioner served ten months, but his probation was ultimately revoked.  Although he did not

appeal his convictions, this court affirmed the trial court's dismissal of the Petitioner's first petition for a writ of habeas corpus in which he argued that the trial court erred by failing to merge his three convictions and that the sole remaining conviction had expired.

In this second petition for a writ of habeas corpus, the Petitioner contended that his convictions and sentences were void. He contended that the trial court lacked jurisdiction because the indictment failed to charge all of the necessary elements and because his guilty plea was not knowing, intelligent, and voluntary. The trial court denied relief on the basis that the Petitioner failed to state a cognizable claim for which habeas corpus relief could be granted. This appeal followed.

As a preliminary matter, the State argues that we should dismiss the Petitioner's appeal because the notice of appeal was untimely. The trial court signed its order dismissing the petition on September 15, 2011, and filed the order on September 16, 2011. The record does not specify the date that the Petitioner mailed his notice of appeal, but it was filed with the trial court clerk on October 24, 2011. A party must file a notice of appeal within thirty days "after the date of entry of the judgment appealed from." T.R.A.P. 4(a). Rule 4 also provides, however, that in all criminal cases the notice of appeal is not a prerequisite to the jurisdiction of this court and may be waived "in the interest of justice." Considering the petitioner's status as an incarcerated, pro se litigant, and the fact that the notice of appeal was untimely filed by only nine days, we conclude that the filing of the notice of appeal should be waived.

**I**

The Petitioner contends that the trial court erred by dismissing his petition for habeas corpus relief. He argues that count one, aggravated sexual battery, and count four, rape of a child, of the indictment are deficient for failing to include the "intent" element. The State contends that in either case, the Petitioner has failed to state a cognizable claim for relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is

facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007).

The statutory and constitutional requirements for an indictment are satisfied when the indictment fulfills the "overriding purpose of notice to the accused." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." Hart, 21 S.W.3d at 903.

Aggravated sexual battery "is unlawful sexual contact with a victim by the defendant [when] . . . [t]he victim is less than thirteen (13) years of age." T.C.A. § 39-13-504 (2010). Count one of the indictment states that the Petitioner "intentionally engage[d] in unlawful sexual contact" with the victim, states the date of the offense, and states the victim's birth date. The indictment also cites Tennessee Code Annotated section 39-13-504. See State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999) (holding that "an indictment which includes a reference to the criminal statute that sets forth the mens rea is sufficient to give a defendant notice of the applicable mental state").

Rape of child "is the unlawful sexual penetration of a victim by the defendant . . . if the victim is more than three (3) years of age but less than thirteen (13) years of age." T.C.A. § 39-13-522(a) (2010). Count four of the indictment states that the Petitioner "intentionally, knowingly, or recklessly engage[d] in unlawful sexual penetration" of the victim, states the date of the offense, and the victim's birth date. The indictment also cites Tennessee Code Annotated section 39-13-522. See Carter, 988 S.W.2d at 149. We conclude that the indictment provided the Petitioner with adequate notice that he was charged with aggravated sexual battery and rape of a child and that his convictions are not void. The Petitioner is not entitled to relief on this issue.

**II**

The Petitioner contends that the trial court erred by dismissing his petition for habeas corpus relief. He argues that his guilty pleas were unknowing, unintelligent, and involuntary. The State contends that the Petitioner has failed to state a cognizable claim for relief. We agree with the State.

This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-

conviction, not habeas corpus, proceedings"), perm. app. denied (Tenn. June 26, 2000). In Tennessee, the writ of habeas corpus "is severely restricted . . . and would, in almost all instances, preclude consideration of challenges to the voluntariness of guilty pleas in such proceedings." Archer, 851 S.W.2d at 158. Post-conviction proceedings "provide[] the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered." Id. at 163 (citing Johnson v. State, 834 S.W.2d 922, 925 (Tenn. 1992)).

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE