IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2013

## JEROME WILLIAMS v. ARVIL CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15297      Jim T. Hamilton, Judge**

**No. M2013-00725-CCA-R3-HC - Filed August 14, 2013**

The petitioner, Jerome Williams, appeals the Wayne County Circuit Court's summary dismissal of his petition for writ of habeas corpus. In this appeal, the petitioner claims entitlement to habeas corpus relief on the basis that the trial court was without jurisdiction to enter his 1986 conviction of aggravated rape because the indictment failed to allege an offense. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jerome Williams, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

A Davidson County jury convicted the petitioner of aggravated rape and armed robbery in 1986, and the trial court imposed sentences of 30 years and 25 years, respectively. This court affirmed the convictions and accompanying sentences on direct appeal, *see State v. Jerome Williams*, No. 86-86-II (Tenn. Crim. App., Nashville, Feb. 12, 1987) (*Williams I*), and twice affirmed the denial of post-conviction relief, *see Jerome Williams v. State*, No. 01-C-01910CR00152 (Tenn. Crim. App., Nashville, Nov. 14, 1991), *perm. app. denied* (Tenn. Mar. 16, 1992) (*Williams II*); *Jerome Williams v. State*, No. 01C01-9709-CR-00441 (Tenn. Crim. App., Nashville, Oct. 23, 1998), *perm. app. denied* (Tenn. Mar. 15, 1999) (*Williams III*). The petitioner then filed a petition for writ of habeas corpus alleging that the trial court

lacked subject matter jurisdiction because of deficiencies in the aggravated rape indictment. This court affirmed the denial of habeas corpus relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. *See Jerome Williams v. State*, No. M2007-00164-CCA-R3-HC (Tenn. Crim. App., Nashville, June 14, 2007) (*Williams IV*). The petitioner filed a subsequent petition for writ of habeas corpus raising identical grounds for relief, specifically that the indictment failed to allege the type of penetration used to complete the rape and, thus, failed to state an offense. For the second time, this court affirmed the denial of habeas corpus relief, concluding that the petitioner had failed to present grounds that would necessitate a departure from our earlier opinion and that the failure of the aggravated rape indictment to allege a particular mode of penetration did not affect the validity of the indictment. *See Jerome Williams v. Cherry Lindamood, Warden*, No. M2010-02354-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Nashville, Feb. 10, 2012) (*Williams V*).

On December 17, 2012, the petitioner filed his third petition for writ of habeas corpus and again attacked the sufficiency of the aggravated rape indictment. In his most recent petition, the petitioner alleged that the indictment was void because it "does not allege any facts to constitute the offense of aggravated rape." The habeas corpus court summarily dismissed the petition, and the petitioner now appeals from that dismissal.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d

284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner's claim is really no different than that raised in his previous petitions for writ of habeas corpus. As we held in *Williams V*, "the indictment charged the offense of aggravated rape using language that tracked the aggravated rape statute and included a reference to the pertinent statutory provision." *Williams V*, slip op. at 3 (citing *State v. Hammonds*, 30 S.W.3d 294, 302 (Tenn. 2000) (holding that the State is not required "to specify in the indictment the precise means or theory by which the State intends to establish each element of the offense")). Nothing more was required. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997).

Accordingly, the judgment of the habeas corpus court summarily dismissing the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE