IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2013

**STEVEN A. PUGH, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 11CR696      John Dugger, Judge**

**No. E2012-02649-CCA-R3-PC - Filed September 9, 2013**

The petitioner, Stephen A. Pugh, Jr., appeals the denial of his petition for post-conviction relief. Specifically, he contends that trial counsel was ineffective by failing to recognize a defective indictment and by allowing the petitioner to plead guilty under that indictment, which did not charge a crime recognized under the law of Tennessee. The petitioner is currently serving an effective seventeen-year sentence in the Department of Correction following his guilty plea to two counts of attempted first degree murder. Following review, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Douglas L. Payne, Greeneville, Tennessee, for the appellant, Steven A. Pugh, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

The petitioner is currently serving two concurrent seventeen-year sentences, as a Range I offender, after he entered a best interest guilty plea to two counts of attempted first degree murder. The convictions are based upon the act of shooting his pregnant girlfriend in the stomach.

A Hamblen County grand jury returned a two-count indictment in the case.[1] According to the captions of the indictment, the petitioner was charged with two counts of attempted first degree felony murder. However, in the body, the first count of the indictment charged that the petitioner did "intentionally and premeditatedly attempt[ ] to kill [the victim] by shooting her with a handgun." Count two charged that the petitioner did "intentionally and premeditatedly attempt[ ] to kill the unborn viable fetus of [the victim] by shooting [the victim] in the stomach with a handgun." In the caption of count two, the word "felony" was stricken, and the change was initialed by the district attorney general and the foreman of the grand jury. No amendment was made to the caption in count one.

At the guilty plea submission hearing, the trial court summarized the charges against the petitioner, indicating that he was charged with two counts of attempted first degree murder. No mention was made of attempted felony murder. The court further explained the elements of the offense to the petitioner, and he stated that he understood the charges against him. The petitioner also stated that trial counsel had reviewed the lesser-included offenses of the charged offense and had explained the consequences of entering the best interest guilty plea. The petitioner stated that, based upon the evidence in the case, it was in his best interest to accept the State's offer. After accepting the plea, the court imposed concurrent seventeen-year sentences in the case, which were ordered to be served consecutively to a one-year sentence imposed in a probation violation case.

Thereafter, the petitioner filed a timely pro se petition for post-conviction relief alleging, among other grounds, that he was denied his right to the effective assistance of counsel. Following the appointment of counsel, an amended petition was filed. A hearing was later held, at which two attorneys and the petitioner testified.

Trial counsel testified that the petitioner was originally represented by private counsel, but the petitioner requested a change after his initial attorney attempted to settle the case. Consequently, after his appointment, trial counsel did not initially discuss a possible plea with either the petitioner or the State. Trial counsel testified that he and the petitioner discussed possible defenses and that an investigation was conducted. As the investigation continued, trial counsel was told by the petitioner that he was considering entering a plea. Trial counsel testified that he then approached the State and began negotiations. However, he was clear that the investigation continued up until the plea was accepted.

Trial counsel also testified that he was aware of the wording in the caption of the indictment and believed it was not fatal to the State's case as it "could be corrected fairly

---

[1] There is some indication in the record that the grand jury may have initially returned two separate indictments, which were later joined.

simply." According to trial counsel, the proper elements of first degree murder were listed in the body, and the indictment could be remedied by "simply strik[ing] out the felony in front of murder." Trial counsel testified further that he did not see the variation as being useful except as a possible attempt to "buy time" if they needed it before trial. While testifying that they did discuss the indictment in general and the charges against the petitioner, trial counsel did not recall discussing the variation with the petitioner. Specifically, he stated that they did discuss how the indictment was worded but not that the indictment varied from the plea agreement. He also acknowledged that the issue was never discussed with the trial court.

On cross-examination, trial counsel testified that he believed that the petitioner was aware that he was pleading guilty to two counts of attempted first degree murder and, further, was aware of the consequences of entering the plea. Trial counsel stated that there was no discussion between himself and the petitioner of pleading to attempted felony murder.

The petitioner testified that he met with trial counsel on several occasions and that trial counsel did a "good job" meeting with him. He indicated that there were discussions regarding the investigation of the case with both trial counsel and an investigator. However, the petitioner felt that trial counsel was not prepared to go to trial, and, as a result, he began discussing the possibility of a plea in the case. The petitioner testified that trial counsel told him that if he did not accept a plea agreement, he would likely spend the rest of his life in prison. The petitioner stated he was given two days to decide whether he wanted to enter a guilty plea and decided it was in his best interest to do so.

The petitioner testified that he first became aware of a variance between the crimes he pled guilty to, attempted first degree murder, and the crime for which he had been indicted, attempted felony murder, while researching his possible post-conviction in prison. According to the petitioner, he discovered a case that held that attempted felony murder was not a recognized crime in Tennessee.

The petitioner also testified that trial counsel never discussed with him the difference between the wording of the indictment and that on the guilty plea form. According to the petitioner, trial counsel told him that he was entering a plea to two counts of attempted first degree murder. The petitioner also acknowledged that at the guilty plea hearing, the trial court enumerated the elements of attempted first degree murder, and he entered his pleas to that crime. There was no mention of attempted felony murder at the hearing. However, he testified that he now did not believe it was fair that he had entered a plea for crimes not included in the indictments.

After hearing the evidence presented, the post-conviction court took the matter under

advisement. The court subsequently entered a written order denying the petition for post-conviction relief. The petitioner has timely appealed that denial.

**Analysis**

On appeal, the petitioner contends that the post-conviction court erred in concluding that he was denied his right to the effective assistance of counsel. His only allegation of ineffective assistance is that trial counsel failed to recognize the defective indictment and allowed the petitioner to plead guilty under an indictment which did not charge recognized crimes under Tennessee law. The petitioner further argues that his pleas were not entered knowingly and voluntarily based upon trial counsel's alleged deficient performance.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31).

To succeed in a challenge for ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a

guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably-based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel, however, is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed on appeal under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)). However, conclusions of law are reviewed under a purely de novo standard, with no presumption of correctness. *Id*. at 458.

Again, on appeal, the petitioner's only claim of ineffective assistance of counsel is based upon trial counsel's failing to recognize that the indictment was defective and in allowing the petitioner to plead pursuant to an indictment which charged a crime not recognized by Tennessee law. He claims that the trial court was without jurisdiction to enter judgment because the indictment, on its face, charged crimes not recognized and further failed to state what the predicate underlying felony is. In denying relief, the post-conviction court made the following relevant findings in its order:

> Petitioner testified that there was a variance between his indictment and his convicted offense. Petitioner correctly said that Attempted Felony Murder is not an offense. On cross-examination, Petitioner testified that he entered the best interest plea because it was in his best interest to plea and accept the agreement. Petitioner agreed that his plea was two counts of Attempted First Degree Murder and there was nothing about "felony" murder mentioned. . . .

> Petitioner's first alleged ground in his amended petition challenges the legality of the indictments and alleges the attorneys were ineffective for not filing to dismiss the indictments. The Tennessee Supreme Court . . . [has] held that: "An indictment is sufficient to satisfy the constitutional guarantees of notice to the accused if the indictment contains allegations that: (1) Enables the

-5-

accused to know the accusations to which answer is required; (2) Furnish the trial court an adequate basis for entry of a proper judgment; and (3) Protect the accused from a subsequent prosecution of the same offense. The indictments in this cause erroneously alleged attempted first degree felony murder but correctly stated the elements and Tennessee Code Annotated Sections for Attempted First Degree Murder. During the evidentiary hearing Petitioner's trial attorney . . . testified he noticed the issue of attempted first degree felony murder in the indictment but did not file a Motion to Dismiss because it could have been a quick fix by the State moving to strike the word felony. On pages 3-7 of Exhibit 3 plea allocution transcript, the Court explained the elements with definitions of Attempted First Degree Murder. Petitioner was asked if he understood and Petitioner answered "Yes." The Court finds that the two indictments satisfy the three requirements for the constitutional guarantees of notice to the accused as set forth in *State v. Hammonds*, 30 S.W.3d 299 (Tenn. 2000).

       . . . .

Petitioner is simply not credible on his allegations that he was denied the effective assistance of counsel or that his best interest plea was involuntary. Petitioner testified during plea allocution that [trial counsel] explained his waiver of rights and plea of guilty, possible lesser included offenses and he was satisfied with [trial counsel] and that he did everything he wanted him to do. During the [post-conviction] evidentiary hearing, Petitioner surprised the court by testifying on cross-examination that he entered his best interest plea because he thought it was in his best interest to do so. By that testimony, it is clear to the Court that Petitioner knew what he was charged with, knew the evidence against him and he, knowingly, voluntarily and understandably entered his best interest plea.

After review, we find nothing in the record before us which preponderates against the post-conviction court's findings. We agree with the petitioner that the caption of count one of his indictment purports to charge attempted first degree felony murder, and we recognize that attempted first degree felony murder is not a crime in Tennessee. *See State v. Kimbrough*, 924 S.W.3d 888 (1996). However, the petitioner did not enter a plea to that crime; rather, he pled guilty to the crime which was expressly charged within the body of the indictment, *ie.,* attempted first degree murder. He acknowledged that there was never a mention of felony murder by either trial counsel or the court. The petitioner was clearly aware of the charges to which he pled guilty and chose to enter that plea, by his own testimony, because it was in his own best interest to do so.

As did the post-conviction court, we conclude that the indictments in this case gave more than ample notice of the crimes alleged. Just as the post-conviction court noted, the purpose of an indictment is to provide a defendant with notice of the offense charged, provide the trial court with an adequate ground upon which a judgment may be entered, and provide a defendant with protection against double jeopardy. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). The body of this indictment was amply clear that the petitioner was being charged with attempted first degree premeditated murder, setting out the elements and referencing the appropriate statutes for the charge. He in no way stands to be prosecuted again for the same acts against the victim and her child. Judgments were appropriately entered. Despite the improper captions, the indictment at issue in this case satisfied the requirements.

The petitioner has simply failed to carry his burden of establishing that trial counsel offered defective representation or that he was prejudiced. According to trial counsel's testimony, he did recognize the error on the indictments. He was aware that it would be a "simple fix" should he choose to challenge the indictment because, in his opinion, proper notice was given by the indictment. As he prepared for trial, he saw the error only as a way to "buy time" should the need arise. The petitioner's decision to enter a guilty plea negated the need for possible additional time. Moreover, trial counsel did not allow the petitioner to plead guilty to a crime not recognized by Tennessee law. The petitioner pled guilty to the appropriate crimes, and he has failed to show in any way how trial counsel was deficient in allowing him to enter the plea.

There can be no other conclusion in this case than that the petitioner knew the crime for which he was charged, knew the evidence against him, and that he knowingly and voluntarily entered the plea because it was in his best interest to do so. His own testimony at the post-conviction court supports that conclusion. His testimony that he pled guilty because it was in his best interest to do so precluded a conclusion by the post-conviction court or this court that the petitioner proved that, but for any error made by trial counsel, he would have insisted upon going to trial. The petitioner stood before the court at the plea submission hearing and stated that he understood the charges against him and that he voluntarily chose to enter the pleas. The petitioner cannot not disavow that testimony in an attempt to circumvent the bargain that he made and entered into. He has failed to establish his entitlement to relief in this case.

**CONCLUSION**

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE